# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:2008-97 |
| | ) | |
| v. | ) | |
| | ) | |
| J. MICHAEL MCCONNELL, *et al.*, | ) | JUDGE GIBSON/MAGISTRATE |
| | ) | JUDGE HAY |
| Defendants. | ) | |

## **MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's appeal of the decision of Magistrate Judge Hay that the Plaintiff is subject to the requirement to pay filing fees in accordance with the Prison Litigation Reform Act. *See* Document No. 17. This appeal is taken pursuant to Local Rule of Court 72.1.3(B). The Court denies the appeal and the Plaintiff's request for oral argument as this matter is easily resolved from a review of the record. This matter concerns the issue of whether the Plaintiff is subject to the provisions of the Prison Litigation Reform Act (hereinafter "PLRA") codified at 28 U.S.C. § 1915 which requires that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). In essence, the Plaintiff claims he is not subject to the provisions of PLRA as he has filed a petition for a writ of mandamus, not a civil action, and thus, petitions such as his are not subject to the provisions of the PLRA inasmuch as they are not civil actions. The Plaintiff's argument fails.

The case *sub judice* presents circumstances warned of by the late Judge Becker in *Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996):

> A litigant should not be able to evade the PLRA by masking as a mandamus petition a paper otherwise subject to the Act. We will, therefore, require that any action improperly styled as mandamus must meet the fee requirements of the PLRA. It is the nature of the document, rather than the label attached by the litigant, that controls. This acknowledgment creates, however, a serious administrative problem in the processing of pro se litigation in the federal courts, particularly in the area of docketing. Where the PLRA applies, the petitioner must file an affidavit of poverty, a six-month account statement, and a form authorizing prison officials to withdraw money from his account; where it does not, the petitioner need only file an affidavit of poverty. Moreover, and more importantly, the Deputy Clerk receiving the papers, who is not law trained, will have to make a decision as to whether the PLRA applies in order to insure that the litigant has filed the proper documents. While the Deputy Clerk will, of course, be able to consult the legal staff within the Court, it will not always be easy to determine from the papers whether the PLRA applies to something styled as a mandamus because it really masks a civil action or appeal that is subject to the PLRA.

*Madden v. Myers*, 102 F.3d 74, 78 (3d Cir. 1996). As the *Myers* court made clear, "a *writ* of mandamus is neither a 'civil action' nor an 'appeal'". "A writ of mandamus, which is authorized by the All Writs Act, 28 U.S.C. § 1651, instead constitutes a procedural mechanism through which a court of appeals reviews a carefully circumscribed and discrete category of district court orders." *Madden v. Myers*, 102 F.3d 74, 76 -77 (3d Cir. 1996)(internal and external footnotes omitted). Although the petitioner styled his original filing with this Court as a "Petition for Writ of Mandamus"(Document No. 1), the substance of his request was based upon the Freedom of Information Act (hereinafter "FOIA") and sought the Court to compel the Defendants' compliance in producing requested records. The FOIA explicitly recognizes such an action in 5 U.S.C. § 552(a)(4):

> (B) *On complaint*, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. In such a case the court shall determine the matter de novo....

\*\*\*

2

(C) Notwithstanding any other provision of law, the defendant shall serve *an answer* or otherwise plead to *any complaint* made under this subsection within thirty days after service upon the defendant of the pleading in which such complaint is made, unless the court otherwise directs for good cause shown.

5 U.S.C.A. § 552 (a)(4)(emphasis added). The emphasized words in the above-quoted section of the FOIA reveal that the pleading expected to be filed when requesting such FOIA relief in a district court as sought by the Plaintiff is a complaint, not a "petition for a writ of mandamus".[1]

Consistent with the FOIA, the original jurisdiction for this District Court to review such a complaint is established in 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of *any action in the nature of mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[2] Clearly jurisdiction rests in this Court, but the action over which it has jurisdiction is "in the nature of mandamus" and not a "petition for a writ of mandamus." The use of the emphasized language in § 1361 is particularly relevant and consistent with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 81 makes it clear why the words "action in the nature" are used: "The writs of scire facias and *mandamus are abolished*. Relief previously available through them may be obtained by appropriate action or motion under these rules." Fed. R.. Civ. P. 81(b)(emphasis added). With the writ of mandamus abolished in the United States District Courts, litigants must turn to the "appropriate action...under these rules." *Id.* The Federal Rules

---

[1] Federal Rule of Civil Procedure 7 recognizes the existence of only seven pleadings under the rules. They include "a complaint" and "an answer to a complaint". F.R.C.P. 7(a). A petition or writ is not one of the seven recognized pleadings.

[2] Judge Becker in 1996 acknowledged that the Court of Appeals had never considered if the PLRA applies to actions filed pursuant to 28 U.S.C. § 1361. *Madden* at 76-77, n.2. The United States District Court for the Middle District of Pennsylvania has recently concluded that a filing entitled "petition for writ of mandamus" filed pursuant to 28 U.S.C. § 1361 is in fact subject to the filing requirements of the PLRA. *Keys v. Dep't of Justice*, 2009 WL 648926 at *1, *3 (M.D.Pa. Mar. 10, 2009).

3

of Civil Procedure recognize that only one type of action is permitted: "There is one form of action-the civil action." Fed. R.. Civ. P. 2. Furthermore, the Federal Rules of Civil Procedure recognize how a civil action begins: "A civil action is commenced by filing a complaint with the court." Fed. R.. Civ. P. 3.

Thus, we have come full circle. The FOIA recognizes that the failure of an agency to produce requested records may be grieved in the district court by filing a complaint, a pleading which is the only mechanism to commence a civil action in a district court, with a civil action being the only type of action permitted in the district courts under the Federal Rules of Civil Procedure. The PLRA requires prisoners, such as the Plaintiff, to pay the entire filing fee for any "civil action" they file. 28 U.S.C. § 1915(b). The Plaintiff has filed a civil action, despite his attempt to style it as a "Petition for Writ of Mandamus". By filing his civil action, the Plaintiff is responsible for the filing fee as ordered by Magistrate Judge Hay in accordance with 28 U.S.C. § 1915. Therefore, the Plaintiff's appeal is denied.

**AND NOW**, this 3rd day of June, 2009, in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's appeal is DENIED. **IT IS FURTHER ORDERED THAT** the Plaintiff must comply with the order of February 3, 2009 (Document No. 16) and the order of July 25, 2008 (Document No. 5), both issued by Magistrate Judge Hay.

**BY THE COURT:**

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**

4