IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES D. EVANS, | ) | |
|       Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 08-97J |
| | ) | Judge Kim R. Gibson/ |
| J. MICHAEL McCONNELL, Director | ) | Chief Magistrate Judge Amy Reynolds Hay |
| of National Intelligence, in his official | ) | |
| capacity; DAN BUTLER, Senior Advisor | ) | |
| for Policy & Oversight in his official | ) | |
| capacity, | ) | |
|       Defendants | ) | |

## AMENDED REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the Petition for Writ of Mandamus be denied and the case be dismissed with prejudice.

II.    Report

Petitioner, James D. Evans, a prisoner at FCI-Somerset, acting *pro se*, brought suit pursuant to 28 U.S.C. § 1361 and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA")[1] by way of a Petition for Writ of Mandamus. Petitioner asserts that he is entitled to judicial relief because the Office of the Director of National Intelligence ("ODNI") has not responded to his FOIA request and appeal. Respondents filed a Memorandum in Opposition to the Petition for

---

[1] The basic purpose of FOIA is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." N.L.R.B. v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978)(citations omitted). Stated differently, FOIA "focuses on the citizens' right to be informed about 'what their government is up to.'" U.S. Dept. of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989).

Writ of Mandamus, Dkt. [18], which the Court will treat as a motion to dismiss. Petitioner filed Objections to the Respondents' Memorandum, Dkt. [21], which the Court will treat as Petitioner's response to the motion to dismiss.

A.        Background

In November of 2006, Petitioner sent a FOIA request to the Department of Defense ("DOD") seeking:

> any information on [Functional Magnetic Resonance Imaging] FMRI, microwaves, directional magnets ... and any information including a copy of the Iraqi intelligence/military officers report accusing the U.S. Government /Military/ Intelligence Agencies of developing a weapon/technology that could cause a[n] enemy combatant/soldier to have erections & ejaculate without this device/technology/weapon being in contact with the subject. ....

Petition for Writ of Mandamus, Dkt. [1] at ¶ 7. Subsequently, DOD informed Petitioner that it had searched its files and found no documents responsive to his request. Further, DOD advised Petitioner that the Foreign Military Studies Office Joint Reserve Intelligence Center, a component of the Department of the Army ("the Army"), "may hold responsive documents" concerning his request for "records connected with captured Iraqi intelligence documents that were previously posted on a Government website." Dkt. 1 at Ex. P3. DOD provided Petitioner with an address for the Army.

Petitioner then submitted a FOIA request to the Army. The Army advised that Petitioner's request was being sent to various Army divisions. Id. at Exs. P4-P5. Ultimately, the Army indicated that the Foreign Military Studies Office found no responsive records. Id. at Ex. P6. The Army also indicated that Petitioner needed to request the website information from a

non-Army organization, i.e., ODNI, and provided a mailing address therefor. Id.

Thereafter, Petitioner filed his FOIA request with the ODNI at the address provided by the Army. When Petitioner received no response, he filed an appeal with ODNI. When no response to the appeal was received, Petitioner filed suit in federal district court.

It is clear that the address for ODNI provided to Petitioner by the Army was incorrect. See Declaration of John F. Hackett, Director of the Information Management Office for ODNI ("Hackett Decl."), Dkt. 18-3 at ¶ 7. Indeed, the evidence indicates that ODNI never received Petitioner's FOIA request or his administrative appeal. Id. at ¶ 5.

B.      Standard of Review

The United States Supreme Court has recently held that a complaint is properly dismissed under Fed.R Civ.P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the long-adhered to 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the

speculative level." Id. The question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff is entitled to offer evidence in support of his or her claims. See Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

C. Discussion

As an initial matter, the Court notes that mandamus is "an extraordinary remedy ... seldom issued and its use discouraged." Speight v. Meehan, No. 08-3235, 2008 WL 5188784, at * 2 (E.D.Pa. Dec. 9, 2008)(internal quotation marks and citations omitted). A party seeking the issuance of a writ of mandamus "must demonstrate (1) that a public official has a well-defined and mandatory duty to perform a certain act, (2) that the petitioner has a clear and indisputable right to have that act performed, and (3) that no other adequate remedy is available." Id. (citations omitted). Here, Petitioner has an adequate remedy through FOIA.

FOIA provides the right to bring a lawsuit against a federal agency when information subject to disclosure has been "improperly withheld" by that agency. 5 U.S.C. § 552(a)(4)(B). Accordingly, the proper vehicle for FOIA enforcement is a civil lawsuit under FOIA and not a petition for writ of mandamus.

However, before a plaintiff can seek judicial review of FOIA matters, the plaintiff must first exhaust administrative remedies. "[E]xhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA." Wilbur v. CIA, 355 F.3d 675, 676 (D.C.Cir. 2004)(per curiam)(citing Oglesby v. U.S. Dept. of the Army, 920 F.2d 57, 61-64, 65 n.9 (D.C. Cir. 1990). Failure to exhaust subjects the FOIA lawsuit to dismissal. See e.g., Hidalgo v. F.B.I., 344 F.3d 1256, 1258-60 (D.C. Cir. 2003)(dismissing FOIA case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to exhaust administrative remedies).

Further, "[u]nder 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).

In the instant case, Petitioner did not exhaust his administrative remedies. The FOIA requires that a request be submitted in accordance with the agency's published regulations, 5 U.S.C. § 552(a)(3)(A), which includes sending the request to the proper office and address. See Hidalgo v. F.B.I., 344 F.3d at 1258-60 . Petitioner mailed his FOIA request to various departments and addresses. Ultimately, he mailed a request to Dan Butler, Senior Advisor for Policy and Oversight, ODNI, at an address in Reston, VA, which address had been provided to Petitioner by the Army. Dkt. [1] at Ex. P1. When no response was forthcoming, Petition filed an appeal to ODNI at the same address which, it turned out, was not the correct address. Dkt. 18-3 at ¶ 7. Petitioner apparently neglected to consult federal regulations, which indicate that a FOIA request to ODNI must be mailed to "the Office of the Director of National Intelligence, Chief FOIA Officer, c/o Director. Information Management Office, Washington, D.C. 20511 ... " 32 C.F.R. § 1700.3. Petitioner appears to concede that he did not submit his FOIA request and appeal to the appropriate address for ODNI inasmuch as he has now indicated that he will submit his FOIA request anew to ODNI at the proper address. Dkt. [21] at ¶ 4.[2]

---

[2] Given Petitioner's concession, the Court does not find it necessary to address Petitioner's complaints regarding the public locations where he believes ODNI's address should have been listed but was not. Moreover, ODNI's regulation complies with FOIA's requirement that the agency have a regulation that clearly explains the process for serving a FOIA request.

As a result of Petitioner's failure to exhaust his administrative remedies, ODNI never received his FOIA request and appeal. See Hackett Decl., ¶ 5. Hence, the agency could not have improperly withheld any records. Accordingly, Petitioner is not entitled to judicial review under FOIA and his complaint fails to state a claim upon which relief can be granted.

For the above-stated reasons, the district court should deny the Petition for Writ of Mandamus and dismiss the action with prejudice.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 12 June, 2009

cc: Hon. Kim R. Gibson
United States District Judge

James D. Evans
ET-4625
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record by Notice of Electronic Filing