IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES D. EVANS,  )
 )
                Petitioner )
 )
vs. ) Civil Action No. 08-97J
 ) Judge Kim R. Gibson/
J. MICHAEL McCONNELL, Director ) Chief Magistrate Judge Amy Reynolds Hay
of National Intelligence, in his official )
capacity; DAN BUTLER, Senior Advisor )
for Policy & Oversight in his official )
capacity, )
 )
                Respondents )

## MEMORANDUM ORDER

The above-captioned pro se action, ostensibly a petition for mandamus, was received by the Clerk of Court on April 22, 2008, and was referred to United States Magistrate Judge Amy Reynolds Hay for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In the Amended Report, Dkt. [29], it was recommended that the Mr. Evans' petition for mandamus be denied. The Report did so based upon concluding that Plaintiff did not exhaust his remedies with ODNI, and noting that Plaintiff conceded as much given that he indicated he would submit his FOIA request anew to the proper address. Because Plaintiff did not submit even his initial FOIA request to the proper address, the Report concluded that the ODNI did not improperly withhold agency records, because ODNI never received Plaintiff's request and so it could not have **improperly** withheld requested agency records.

After the Amended Report was filed, Mr. Evans filed a motion for leave to file a supplemental complaint, addressing Plaintiff's attempts to properly exhaust after Plaintiff had already initiated this suit. Dkt. [30]. In that motion, he attached exhibits which indicated that the ODNI did not have the records which Plaintiff sought but that the records Plaintiff sought "f[e]ll under the purview of the Defense Intelligence Agency." Dkt. [31-4] at 1. That letter, dated June 2, 2009, also indicated that if Plaintiff wished to appeal the ODNI's decision he could do so by writing the agency at a specific address. There is no indication whether Plaintiff did appeal. Plaintiff's objections dated June 22, 2009 do not indicate that he did do so. The Magistrate Judge denied Plaintiff's motion for leave to file a supplemental complaint without prejudice to being refiled should I not adopt the Report. Dkt. [32]. Respondents also filed a response to Plaintiff's objections, Dkt. [33], in which they indicated that Plaintiff "failed – even to this day – to exhaust his administrative remedies." Dkt. [33] at 1.

In the proposed supplemental complaint, Plaintiff insists that ODNI has information in its files concerning his request based upon what the Department of the Army indicated in its FOIA response. Dkt. [30-2] at 3, ¶ 10 ("The ODNI has the requested information. (See Exhibit 5)"). The Exhibit 5 that Plaintiff cites to is a letter from the Department of the Army, indicating that the ODNI has the requested information. However, ODNI has indicated that it does not have the information and that the Defense Intelligence Agency ("DIA") has any such requested information in its possession. Dkt. [30-2] at 10. Plaintiff appealed the initial response from the ODNI, and ODNI responded to the appeal with a letter dated June 2, 2009, indicating that ODNI did not conduct a search of its records because it determined that the DIA was the agency that had possession of the requested information. Moreover, the ODNI indicated that it had

2

forwarded Petitioner's request for information to the DIA, and "confirmed that it will be processed in accordance with the FOIA." Dkt. [30-2] at 8. The June 2, 2009 ODNI letter also indicated that if Petitioner wanted to appeal the ODNI decision, he should do so in writing and that he had 45 days in which to do so. Dkt. [30-2] at 8 to 9. Petitioner does not specifically indicate[1] in his objections whether he did do so nor does he even indicate in his proposed supplemental complaint that he did so, or if he did so what the outcome was. In the face of the Respondents' response that Petitioner "even to this day" failed to exhaust his administrative remedies, and given that exhaustion of administrative remedies under FOIA is a condition precedent to suit,[2] and that "[e]xhaustion of such [administrative] remedies is required under the Freedom of Information Act **before** a party can seek judicial review." Stebbins v. Nationwide

---

[1] Petitioner does in a conclusory fashion state "he has exhausted his remedies." Dkt. [31] at 2. However, the ODNI letter dated June 2, 2009 told him he had 45 days in which to file an appeal. Plaintiff's assertion that he exhausted occurred in the objections, which were dated June 17, 2009, and so it simply does not appear possible that Petitioner not only appealed the June 2, 2009 ODNI letter but that he had already by June 17, 2009 received a response to any such appeal, which only then would have completed the exhaustion of his administrative remedies. Cf. Brower v. Georgia Dept. of Corrections, No. CV 307-031, 2008 WL 282473, *4 n. 2 (S.D.Ga. Jan.31, 2008) (under the PLRA "[a]ssuming Plaintiff appealed his grievance to the Commissioner's Office, Plaintiff has still failed to satisfy the exhaustion requirement. According to Plaintiff, he filed a formal grievance, on April 10, 2007. Defendant Washington then had thirty (30) days to issue a written response. Defendant Donald would have then had ninety (90) days, or until approximately mid-to-late August, 2007, to respond to Plaintiff's appeal. However, Plaintiff commenced this action on May 24, 2007, well prior to deadline set for the Commissioner's Office to respond to any appeal that Plaintiff may have filed.")(citations omitted). Indeed in the face of the Respondents' representation that "even to this day" Petitioner had not exhausted and the aforementioned timing, the Court concludes that Petitioner has not carried his burden to show that he exhausted his administrative remedies prior to filing this suit or even prior to attempting to file his supplemental complaint.

[2] Taylor v. Appleton, 30 F.3d 1365, 1367-68 (11th Cir. 1994)("The FOIA clearly requires a party to exhaust all administrative remedies before seeking redress in the federal courts. . . . This exhaustion requirement is a condition precedent to filing suit intended to allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary."). This means that "FOIA should be read to require that a party must present proof of exhaustion of administrative remedies prior to seeking judicial review." Hedley v. United States, 594 F.2d 1043, 1044 (5th Cir. 1979)(per curiam).

3

Mutual Insurance Co., 757 F.2d 364, 366 (D.C.Cir.1985)(emphasis added), exhaustion only after initiation of suit is not satisfactory and the suit must be dismissed albeit without prejudice. Cf. Oriakhi v. U.S., 165 Fed.Appx. 991, 993 (3d Cir. 2006) ("Oriakhi's administrative remedies were not exhausted prior to the initiation of suit. The fact that he completed the administrative review process before the District Court reached the exhaustion question is of no consequence. Indeed, there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court."). In light of the foregoing, it is clear that Petitioner did not exhaust his administrative remedies prior to filing this suit.

AND NOW, this 2nd day of July 2009;

IT IS HEREBY ORDERED that the putative petition for mandamus is **DISMISSED**.

IT IS FURTHER ORDERED that the Amended Report and Recommendation, Dkt. [29], filed on June 12, 2009, is adopted as the opinion of the Court as supplemented by this Memorandum Order.

Kim R. Gibson
United States District Judge

cc: The Honorable Amy Reynolds Hay
Chief United States Magistrate Judge

James D. Evans

4

ET-4625
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record by Notice of Electronic Filing

5